# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1410005413 MMJ |
| | ) | |
| | ) | |
| | ) | |
| ARTURO JUAREZ-VEGA, | ) | |
| | ) | |
| Defendant. | ) | |

Date submitted: August 28, 106
Date decided: October 14, 2016

## COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF AND APPOINTED COUNSELS MOTION TO WITHDRAW

Brian T. Jordan, Esq., 704 N. King Street, Suite 600, Wilmington, DE, 19801. Attorney for Defendant.

Karin M. Volker, Esq., Delaware Department of Justice, 820 N. French Street, 3rd Floor, Wilmington, DE, 19801. Attorney for the State.

Arturo Juarez-Vega, *pro se*

**MANNING**, Commissioner:

This 18th day of October 2016, upon consideration of defendant Arturo Juarez-Vega's Motion for Postconviction Relief ("Motion"), I find and recommend the following:

## Procedural History

Defendant pled guilty on June 8, 2015, to Rape in the Forth Degree as a lesser-included offense of Rape in the First Degree. A PSI was ordered and Defendant was sentenced on September 10, 2015, to 15 years at Level Five, suspended after ten years, followed by probation. Defendant did not appeal his conviction to the Delaware Supreme Court. However, Defendant did file a Motion for Reduction of Sentence that was denied on October 9, 2015.[1]

On November 18, 2015, Defendant filed a first and timely *pro se* Motion for Postconviction Relief. On November 23, 2015, the Office of Conflicts Counsel was ordered to appoint counsel to represent Defendant. Due to a shortage of available attorneys, counsel was not appointed until March 31, 2016. Appointed counsel has now filed a Motion to Withdraw as Counsel for [Defendant], dated June 28, 2016. In his Motion to Withdraw, appointed counsel states that he undertook a thorough analysis of the record and has determined that there are no meritorious issues that he can ethically advocate.

---

[1] D.I. 24

1

The facts surrounding Defendant's crime are not relevant to deciding his claims and need not be recited here. Based upon my review of Defendant's Motion, I do not see the need for an evidentiary hearing, or further briefing. The arguments made by Defendant in his Motion can be fully addressed with the factual record created by the pleadings and information currently available in the Court's file.

Defendant's claims for postconviction relief, quoted verbatim, are as follows:

> <u>Ground One</u>:     Actual Innocence.  Movant raised throughout his innocence; it was not until [Trial Counsel] promised him timed served that he agreed to the plea.
>
> <u>Ground Two</u>:  Ineffective  Assistance  of  Counsel:  failure  to communicate.    [Trial  Counsel]  violated  Delaware  Rules  For Professional Conduct By never meeting his client face to face at the prison.  His Lack of communication led to Movant's acceptance of guilt.
>
> <u>Ground Three</u>:     Ineffectice Assistance of Counsel – Promised time served. [Trial Counsel] promised movant a sentence of time served if he  pled  guilty.    Movant  acknowledges  making  false  colloquy statement regarding promises made.  He felt that he had to go along with the plea to be free.

## Legal Standard

To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-pronged *Strickland* test by showing that:  (1) counsel performed at a level "below an objective standard of reasonableness" and that, (2) the deficient

2

performance prejudiced the defense.[2] The first prong requires the defendant to show by a preponderance of the evidence that defense counsel was not reasonably competent, while the second prong requires the defendant to show that there is a reasonable probability that, but for defense counsel's unprofessional errors, the outcome of the proceedings would have been different.[3]

When a court examines a claim of ineffective assistance of counsel, it may address either prong first; where one prong is not met, the claim may be rejected without contemplating the other prong. In considering post-trial attacks on counsel, *Strickland* cautions that trial counsel's performance should be reviewed from his or her perspective at the time decisions were being made.[4] A fair assessment of attorney performance requires that every effort be made to eliminate the distorting efforts of hindsight.

The procedural requirements of Rule 61 must be satisfied before a reviewing court will consider the merits of any argument.[5]

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[3] *Id.*

[4] *Id.*

[5] *See Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

## Analysis

This is Defendant's first motion for postconviction relief and it was timely filed. None of Defendant's claims have been formerly adjudicated. Pursuant to the version of Superior Ct. Crim. Rule 61 that was in effect at the time Defendant filed his Motion, he was appointed counsel.

I have reviewed the Guilty Plea Agreement, Truth-In-Sentencing Form and transcripts of the guilty plea and sentencing colloquies. It is clear to me that Defendant's guilty plea was knowingly, voluntarily and intelligently made. Defendant answered all questions appropriately and voiced no dissatisfaction with his lawyer's representation of him. Although Defendant now regrets accepting the State's plea offer and argues that he "felt he had to go along with the plea to be free," there is no evidence in the record to support this. Everything in the record leads me to conclude that Defendant accepted the plea offer of his own volition. In the absence of clear and convincing evidence to the contrary, Defendant is bound by his representations to the Court at the time of entering a guilty plea.[6] Defendant's allegation that he made false statements during the colloquy is self-serving and contradicted by the transcript.

I find Defendant's claims to be entirely conclusory and unsupported by specific allegations of deficient attorney performance that resulted in actual

---

[6] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

prejudice. In essence, Defendant's Motion is simply another attempt to reduce his sentence or unravel his guilty plea. There is no evidence that Defendant's original attorney was deficient in his representation. I have no doubt that Defendant received far more Level Five time than he had hoped, but he was aware of the possible sentence range (0-15 years) when he entered the plea and was sentenced within the statutory limits.

## Conclusion

Defendant's Motion is so lacking in merit that it should be Summarily Dismissed pursuant to Rule 61 (d)(5) and Counsel's Motion to Withdraw should be Granted.

**IT IS SO RECOMMENDED.**

BRADLEY V. MANNING,
Commissioner

oc: Prothonotary
cc: Defendant

5